MEMORANDUM **
Dr. Robert Jaffe appeals pro se the Tax Court’s refusal to order an abatement of interest assessed on additional taxes he owed for 1983 and 1984. Jaffe argues he should have been granted the same abatement received by a similarly situated taxpayer. We reject that argument and affirm.
DISCUSSION
Applicable to the tax years at issue in this case, the Commissioner was authorized to abate interest on “any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act....” 26 U.S.C. § 6404(e)(1)(A). The Commissioner’s refusal to abate interest is renewable for an abuse of discretion. 26 U.S.C. § 6404(h).
Jaffe argues the “single issue” before this court is whether the Internal Revenue Service “abused its discretion” and “violated its duty of consistency” by denying him the same abatement granted to another taxpayer. He relies on Beagles v. Commissioner, T.C. Memo.2003-67, where a similarly situated investor received an abatement of interest accrued from May 8, 1992 to April 15, 1999. That fact alone, however, does not establish Jaffe’s claims of abuse and inconsistent treatment. As the Tax Court noted, the Commissioner is entitled to review “each case in light of its specific facts and circumstances.” Jaffe v. Commissioner, T.C. Memo.2004-122.
Rather, Jaffe must also demonstrate that the decision to deny him the same abatement was “based upon impermissible considerations such as race, religion, or the desire to prevent the exercise of constitutional rights.” See Penn-Field Indus. v. Commissioner, 74 T.C. 720, 723, 1980 WL 4468 (1980). The Tax Court here concluded there was no evidence of “discrimination based on an impermissible classification.” We agree. Although Jaffe contends he was denied equal protection, there was no showing of impermissible disparate treatment or discriminatory motive.
We also reject Jaffe’s contention that Beagles compels a finding that ministerial errors occurred after May 8, 1992 that would mandate the abatement. Beagles specifically did not consider events after May 8, 1992 because there was no challenge to the abatement for that time period. Moreover, the Tax Court here independently reviewed the events that occurred after May 8, 1992 to determine whether any delay was caused by ministerial error. We agree with the Tax Court that the delays in reaching a settlement agreement and then processing each investor’s paperwork was excusable delay not caused by ministerial error. Accordingly, Jaffe is not entitled to the interest abatement he seeks. Finally, we discern no error or abuse of discretion in the Tax Court’s refusal to accept Jaffe’s untimely motion for reconsideration.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.